Requestor: James E. Spellman, Village Attorney Village of Ilion P.O. Box 367 Ilion, New York 13357
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the Village of Ilion may appoint a fire chief who currently resides outside of the village and require him to move within village boundaries by a certain date.
You have informed us that the village is governed by a State-enacted charter which includes a provision requiring that the fire chief be a resident of the village. You have asked whether there is any way to overcome this charter provision to permit the appointment of this person as fire chief.
Villages are authorized to enact and amend local laws consistent with the Constitution and general State laws relating to the powers, duties, qualifications, etc. of their officers and employees (Municipal Home Rule Law, § 10[1][ii][a][1]). In our view, this provision authorizes a village to establish residency requirements for its officers. The charter provision of the Village of Ilion, applicable only to the village, is a special rather than a general State law. It applies only to the Village of Ilion and, therefore, is not a State statute which in terms and in effect applies alike to all villages (id., § 2[5], [12]). Thus, the village may enact a local law repealing the provision of its charter requiring that the fire chief be a resident of the village and may apply the provisions of section 10-1012 of the Village Law which permit the chief and assistant chiefs to reside anywhere within the State.
We conclude that a village governed by a charter may enact a local law to amend the charter regarding residency requirements for the fire chief.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.